Valarie H. Jonas (State Bar No. 137525)
vjonas@travelers.com
USERY & ASSOCIATES
Mailing Address: P.O. Box 2996
Hartford, CT 06104-2996
Physical Address: 9325 Sky Park Court, Suite 220
San Diego, CA 92123
Tel: (858) 616-6132
Fax: (844) 374-5925

Attorneys for Plaintiff
NORTHFIELD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MYRON CHU AS TRUSTEE OF THE CHU FAMILY TRUST, SEVILLE REAL ESTATE MANAGEMENT, INC., AND YVES ANDRE BENHAMOU,<br><br>Defendants. | Case No.:<br><br>**NORTHFIELD INSURANCE COMPANY'S COMPLAINT FOR:**<br>**(1) DECLARATORY RELIEF;**<br>**(2) REIMBURSEMENT UNDER *BUSS*;**<br>**(3) REIMBURSEMENT UNDER *BLUE RIDGE*** |

Plaintiff NORTHFIELD INSURANCE COMPANY alleges and avers as follows:

-1-
COMPLAINT

## THE PARTIES

1.     Plaintiff Northfield Insurance Company ("Northfield") is, and at all relevant times was, an Iowa corporation with its principal place of business in Hartford, Connecticut.

2.     Northfield is informed, believes and thereon alleges that defendant Myron Chu (the "Trustee") is, and at all relevant times was, the Trustee of The Chu Family Trust, and a citizen and resident of the State of California.

3.     Northfield is informed, believes and thereon alleges that defendant Seville Real Estate Management, Inc. ("Seville") is, and at all relevant times was, a corporation organized under the laws of the State of California, having its principal place of business in the State of California.

4.     Northfield is informed, believes and thereon alleges that defendant Yves Andre Benhamou ("Benhamou") is, and at all times relevant hereto was, a citizen and resident of the State of California.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within the Northern District of California.

## BACKGROUND FACTS
## THE UNDERLYING ACTION

7.     On or about February 24, 2026, Benhamou filed a lawsuit against Yvonne Chu individually, Yvonne Chu as Trustee of the Estate of the Chu Family Trust and Does 1-50 in the Superior Court of California, County of Alameda, case number 26CV168845 (the "Underlying Action").

-2-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

8. On or about April 1, 2026, and April 17, 2026, respectively, Benhamou amended his Complaint in the Underlying Action to name Seville as "Doe" defendant number one, and to correct the name of defendant "Yvonne Chu, Trustee of the Estate of the Chu Family Trust" to "Myron Chu as Trustee of the Chu Family Trust." A copy of the Complaint and the April 1, 2026, and April 17, 2026, Amendments to the Complaint in the Underlying Action are attached hereto as Exhibit A. (Hereinafter, underlying defendants Yvonne Chu individually, Seville Real Estate & Management, Inc., Myron Chu as Trustee of the Chu Family Trust and Does 2-50 will be referred to collectively as the "Underlying Defendants.")

9. The Underlying Action alleges that, on October 4, 2025, while Benhamou was visiting premises owned and controlled by the Underlying Defendants, located at 3302 California Street in Berkley, California (the "Premises"), a Pit Bull-Cane Torso dog (the "Dog") bit and tore off the left side of Benhamou's face, chin and cheek causing permanent injury to Benhamou, including physical, emotional and monetary damages (the "Dog Bite Incident").

10. The Underlying Action further alleges that the Underlying Defendants owned, managed, supervised and/or controlled the Premises at the time of the Dog Bite Incident.

11. The Underlying Action further alleges the Underlying Defendants were notified and aware of the Dog's presence at the Premises, its breed and/or its dangerous propensities.

12. The Underlying Action further alleges that the Underlying Defendants owed Benhamou a duty of reasonable care based upon their ownership of the Premises, their right to exercise control over the Premises, their management of the Premises, and their contractual obligation, and that the Underlying Defendants breached such duty when they negligently, carelessly, recklessly and/or unlawfully created the dangerous condition on the Premises by knowingly allowing the Dog on the Premises.

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

**THE NORTHFIELD POLICY**

13.    Northfield issued a Commercial Insurance Policy, policy number WS643843, to the Chu Family Trust for the period June 8, 2025, to June 8, 2026 (the "Policy"). The Policy provides commercial general liability coverage subject to its terms and conditions. A certified copy of the Northfield Policy is attached hereto as Exhibit "B".

14.    The Policy provides in pertinent part as follows:

Please refer to **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07), SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, which states:

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….
**b.** This insurance applies to "bodily injury" and "property damage" only if:
**(1)** The "bodily injury" or "property damage" is caused by an "occurrence"
that takes place in the "coverage territory";…

15.    The Policy defines "bodily injury" as follows:

2. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

16.    The Policy further provides that the Named Insured is "CHU FAMILY TRUST, THE formerly HOWARD AND YVONNE CHU."

///

-4-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

17.     The Policy further provides that the "Form of Business" of the insured is a "Trust" and identifies the "Address of All Premises (Including Zip Code) That You Own, Rent or Occupy" as "3302 California St Berkeley CA 94703."

18.     The Policy further provides in pertinent part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07), SECTION II – WHO IS AN INSURED:**

**1.** If you are designated in the Declarations as:
. . . .
**e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.
….
**2.** Each of the following is also an insured:
**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .
**b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.
**c.** Any person or organization having proper temporary custody of your property if you die, but only:
**(1)**     With respect to liability arising out of the maintenance or use of that property; and
**(2)**     Until your legal representative has been appointed.

19.     The Northfield Policy further contains the following exclusion for "bodily injury" "caused by any animal":

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**EXCLUSION – ANIMALS**

The following exclusion is added to Paragraph **2.**, **Exclusions**, of **SECTION I - COVERAGES - COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** in the **COMMERCIAL**

-5-

**GENERAL LIABILITY COVERAGE PART** and Paragraph **B., Exclusions**, of **SECTION I - COVERAGE** in the **COMMERCIAL PROFESSIONAL LIABILITY COVERAGE FORM**:
**Animals**

"Bodily injury" or "property damage" caused by any animal.

20.    By letter dated March 10, 2026, Northfield informed its insured that it was disclaiming coverage under the Policy to the extent the Underlying Defendants are not insureds under the Northfield Policy, that the above cited Exclusion for "bodily injury" "caused by any animal" appeared to further preclude coverage for the claims asserted by Benhamou arising out of the Dog Bite Incident, and that Northfield would provide a defense to its insured under the Policy for the Underlying Action, subject to a reservation of rights. A copy of Northfield's March 10, 2026 reservation of rights letter is attached hereto as Exhibit C.

21.    By letter dated June 4, 2026, Northfield provided a supplemental reservation of rights to the Trustee and to Seville, stating that it would continue to defend the Trustee under a reservation of rights with respect to the Underlying Action and disclaiming coverage for Underlying Defendant Yvonne Chu, who is not an insured under the Policy, and agreeing to defend Seville under a reservation of rights. A copy of Northfield's June 4, 2026 supplemental reservation of rights letter is attached hereto as Exhibit D.

### FIRST CAUSE OF ACTION – DECLARATORY RELIEF
**(Against All Defendants)**

22.    Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-21 above, inclusive, as though fully set forth herein.

23.    Northfield asserts that it owes no duty to defend or indemnify the Trustee or Seville with respect to the Underlying Action pursuant to operation of the terms, conditions, exclusions, endorsement and other provisions of the Northfield Policy.

24.   "Yvonne Chu, individually" is named as an Underlying Defendant in the Underlying Action.

25.   Northfield is informed, believes and thereon alleges that Yvonne Chu is deceased.

26.   To the extent the Trustee contends Yvonne Chu is entitled to defense and indemnity under the Northfield Policy, Northfield contends otherwise.

27.   Northfield has denied any duty to defend or indemnify Yvonne Chu with respect to the Underlying Action.

28.   The Northfield Policy excludes coverage for "bodily injury" "caused by any animal."

29.   The Underlying Action alleges damages arising out of bodily injury to Benhamou caused by the Dog Bite Incident. Each of the causes of action in the Underlying Action, for Negligence and Premises Liability, arises out of the Dog Bite Incident.

30.   Because there is no coverage under the Northfield Policy for the claims alleged in the Underlying Action, Northfield has no duty to defend and indemnify the Trustee or Seville under the Policy.

31.   Although there is no coverage for any of the claims asserted in the Underlying Action, Northfield is currently providing the Trustee, in his capacity as Trustee of The Chu Family Trust, and Seville with courtesy defenses under a reservation of rights.

32.   An actual, present, and justiciable controversy has arisen and now exists between Northfield, on the one side, and the Trustee, Seville, and Benhamou, on the other, concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the Underlying Action.

33.   Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of the parties may be determined under the Northfield Policy.

## <u>SECOND CAUSE OF ACTION –DECLARATORY RELIEF</u>
### (Against the Trustee)

34.     Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-21 and 23-33, inclusive, as though fully set forth herein.

35.     "Yvonne Chu, individually" is named as an Underlying Defendant in the Underlying Action.

36.     Northfield is informed, believes and thereon alleges that at all times relevant hereto Yvonne Chu is and was deceased.

37.     To the extent the Trustee contends Yvonne Chu is entitled to defense and indemnity under the Northfield Policy, Northfield contends otherwise.

38.     Northfield has denied any duty to defend or indemnify Yvonne Chu with respect to the Underlying Action.

39.     The Named Insured under the Northfield Policy is "Chu Family Trust, The Formerly Howard and Yvonne Chu."

40.     The Northfield Policy defines "Who Is An Insured" as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM, CG 00 01 (12/07), SECTION II – WHO IS AN INSURED:**

**1.** If you are designated in the Declarations as:
. . . .
**e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.
….
**2.** Each of the following is also an insured:
**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .
**b.** Any person (other than your "employee" or "volunteer worker"), or

-8-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

any organization while acting as your real estate manager.
**c.** Any person or organization having proper temporary custody of your property if you die, but only:
**(1)** With respect to liability arising out of the maintenance or use of that property; and
**(2)** Until your legal representative has been appointed.

41.    Northfield has no duty under the Policy to defend or indemnify Yvonne Chu under the Policy for the claims asserted in the Underlying Action. Northfield is informed, believes and thereon alleges that the Trustee contends otherwise.

42.    An actual, present, and justiciable controversy has arisen and now exists between Northfield, on the one side, and the Trustee, on the other, concerning their respective rights, duties, and obligations, if any, under the Northfield Policy with respect to the claims asserted against Yvonne Chu in the Underlying Action.

43.    Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of the parties may be determined under the Northfield Policy.

### THIRD CAUSE OF ACTION FOR REIMBURSEMENT
### PURSUANT TO *BUSS*
### (Against the Trustee and Seville)

44.    Northfield realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-21, 23-33, and 35-43, inclusive, as though fully set forth herein.

45.    Northfield has paid, and continues to pay, certain defense fees and costs incurred by the Trustee in defense of the Underlying Action under its reservation of rights. Northfield has agreed to pay defense fees and costs on behalf of Seville in defense of the Underlying Action, subject to its reservation of rights. Northfield's reservations of rights to the Trustee and Seville include, but are not limited to, the right to seek reimbursement for the fees and costs incurred in the defense of the Trustee and Seville that are not covered by the Northfield Policy.

46.     Northfield is entitled to reimbursement from the Trustee and Seville, and each of them, of the defense costs it incurred and is incurring in defending each of them that are recoverable under *Buss v. Superior Court*, 16 Cal.4th 35 (1997).

### FOURTH CAUSE OF ACTION FOR REIMBURSEMENT PURSUANT TO *BLUE RIDGE*
### (Against the Trustee and Seville)

47.     Northfield realleges and incorporates herein by reference paragraphs 1-21, 23-33, 35-43 and 45-46, inclusive, as though fully set forth herein.

48.     Northfield agreed to participate in the defense and indemnity of the Trustee and Seville, subject to a reservation of rights, including but not limited to a reservation of the right to seek reimbursement for indemnity payments made on behalf of the Trustee and Seville that are not covered by the Northfield Policy.

49.     To the extent that Northfield has paid Benhamou and/or his counsel an amount to be determined  in order to obtain a release and dismissal of the Trustee and Seville in the Underlying Action, Northfield is entitled to reimbursement from the Trustee and Seville, and each of them, of the indemnity payments made on behalf of the Trustee and Seville that are recoverable pursuant to *Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal. 4th 489 (2001).

### PRAYER

WHEREFORE, Northfield respectfully requests that this Honorable Court issue a judgment as follows:

1.     Declaring there is no coverage under the Northfield Policy for any of the claims asserted in the Underlying Action.

2.     Declaring that Northfield has no duty to defend or indemnify the Trustee under the Northfield Policy for any of the claims asserted in the Underlying Action;

3.     Declaring that Northfield has no duty to defend or indemnify Seville under the Northfield Policy for any of the claims asserted in the Underlying Action; //

4.    Declaring that Northfield may withdraw from the defense of the Trustee and Seville in the Underlying Action;

5.    Declaring that Northfield is not liable to pay or satisfy any claims, judgments, or awards against any of the Underlying Defendants in the Underlying Action;

6.    Declaring that Yvonne Chu is not an insured under the Northfield Policy.

7.    Declaring that Northfield is entitled to reimbursement of the costs and fees incurred to defend the Trustee in the Underlying Action;

8.    Declaring that Northfield is entitled to reimbursement of the costs and fees incurred to defend Seville in the Underlying Action;

9.    Declaring that Northfield is entitled to reimbursement of indemnity payments made on behalf of the Trustee;

10.   Declaring that Northfield is entitled to reimbursement of indemnity payments made on behalf of Seville;

11.   Granting an award in favor of Northfield for the costs of suit incurred herein; and

12.   Granting such other and further relief as the Court may deem just and proper.

DATED: June 5, 2026                **USERY & ASSOCIATES**


By:   /s/ *Valarie H. Jonas*
       Valarie H. Jonas, Esq.
       Attorneys for Plaintiff, NORTHFIELD
       INSURANCE COMPANY

-11-
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT